DAJUN MEI, Petitioner,

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–70861.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Dajun Mei, Alhambra, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Karen Stewart, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Dajun Mei, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding because the discrepancy between Mei's testimony and his asylum application regarding whether his uncle had been arrested for Falun Gong activities is material and goes to the heart of Mei's claim. *See id.* In addition, substantial evidence supports the agency's finding that Mei's testimony regarding his practice of Falun Gong was implausible in light of his lack of knowledge regarding Falun Gong. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir. 2004). In the absence of credible testimony, Mei's asylum and withholding of removal claims fail, *see Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003), and we need not address Mei's challenge to the agency's alternative denial of asylum as time-barred.

Because Mei's CAT claim is based on evidence the agency found not credible, and he points to no other evidence that shows it is more likely than not he would

** This disposition is not appropriate for publi-cation and is not precedent except as provid-ed by 9th Cir. R. 36–3.

be tortured if returned to China, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

